Gaston, Judge.
 

 The rules of practice in our Courts of law, when not otherwise settled, have been modelled after those which obtained in the Court of King’s Bench, before the Revolution. According to the old established usages of that Court, when a judgment was of more than seven, but less than ten years’ standing, the plaintiff could not have a
 
 scire facias,
 
 without a side-bar rule; if the judgment had been above ten years old, there must be a motion to the Court, supported by an affidavit of the debt' being due, the judgment unsatisfied, and the defendant living; upon which the rule was absolute in the first instance; unless the judgment were of more than twenty years’ standing, and then there must be a rule to show cause. We have no side-bar rules here, and therefore a
 
 scire facias
 
 may issue as of course upon a judgment which is not ten years old. But the residue of the rule of practice in the Court of King’s Bench has obtained also in our courts.
 

 The
 
 scire facias
 
 in this case issued irregularly, and might have been set aside on objection being made to it in apt time. But it is a well-settled rule, that where there has been irregularity in process, and the party having right to object thereto do not make the objection as early as may be, or as is commonly said, “ in the first instance,” he cannot afterwards revert to that irregularity. If he overlook it, and take subsequent steps in the cause, he thereby waives his objection. In the present case, the defendant appeared to the
 
 scij'e facias,
 
 pleaded to the merits, put his cause upon these pleas, and after repeated continuances, moved to dismiss the
 
 scire facias,
 
 because it was sued out not in conformity to the prescribed mode of proceeding. In our opinion, the Court erred in granting the defendant’s prayer. The judgment of the Court below
 
 *521
 
 is to be reversed; with directions to that Court to proceed to the trial of the issues in the cause.
 

 Per Curiam. Judgment reversed.